L. Miles LeBaron (#8982)
Tyler J. Jensen (#9913)
Melinda Checketts Hibbert (#6098)
LeBaron & Jensen, P.C.
476 West Heritage Park Blvd., Suite 230
Layton, Utah 84041
Telephone:     (801) 773-9488
Facsimile:     (801) 773-9489
tylerjensen@lebaronjensen.com
melinda@lebaronjensen.com
*Attorneys for Plaintiff*
*Ripil, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Ripil LLC, a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>Mobileaze LLC, an Arizona Limited Liability Company, True Partners, an Arizona Limited Liability Com, Tony Farag, an individual, Jeremy Zeiders, an individual, Daryl Ridgely, and individual and Does 1-10,<br><br>    Defendants. | **COMPLAINT FOR:**<br>1. **COPYRIGHT INFRINGEMENT**<br>2. **TRADEMARK INFRINGEMENT**<br>3. **UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN AND INJUNCTIVE RELIEF**<br>4. **CONTRIBUTORY COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF**<br>5. **CONVERSION**<br>6. **FRAUD**<br>7. **CONSPIRACY TO DEFRAUD**<br>8. **BREACH OF CONTRACT**<br>9. **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil No. 2:15-cv-00719<br><br>The Honorable Evelyn J. Furse |

Plaintiff Ripil, LLC ("Ripil") complains and alleges as follows against Defendants Mobileaze LLC ("Mobileaze"); True Partners LLC ("True"); Tony Farag ("Farag"); Jeremy Zeiders ("Zeiders"); Daryl Ridgely ("Ridgely"); and DOES 1-10 (collectively, "Defendants"):

## THE PARTIES

1. Ripil is a Utah limited liability company, organized under the laws of the State of Utah, with its principal place of business in Salt Lake City, Utah and is managed by its sole member Charley Johnson ("Johnson") out of his home in Salt Lake City, Utah.
2. Ripil is informed and believes, and thereupon alleges, that defendant Mobileaze is a domestic Arizona limited liability company with its principal place of business in Gilbert, Arizona.
3. Ripil is informed and believes, and thereupon alleges, that defendant Farag is an individual residing in Arizona.
4. Ripil is informed and believes, and thereupon alleges, that defendant True is a domestic Arizona limited liability company with its principal place of business in Gilbert, Arizona.
5. Ripil is informed and believes, and thereupon alleges, that defendant Ridgely is an individual residing in Arizona.
6. Ripil is informed and believes, and thereupon alleges, that defendant Zeiders is an individual residing in Arizona.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because one or more of the claims arise under federal law.
8. This Court has subject matter jurisdiction over Plaintiff's Copyright Act claims under 17 U.S.C. §§ 106 and 501 and under 28 U.S.C. §§ 1331, 1332 and 2201.

9. This Court also has subject matter jurisdiction over Plaintiff's Trademark Infringement, Lanham Act and Unfair Competition claims under 15 U.S.C. §§ 1051 et seq., and 16 U.S.C. §§ 1116-1118.
10. This Court also has jurisdiction under the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. § 512 (g)(3)(D) which provides that "jurisdiction of Federal District Court for the judicial district in which the address (of the Plaintiff) is located."
11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b); venue is also proper in this District because defendant Farag availed himself of the benefits of the State of Utah and was aware of such availment by traveling to Utah to commence his business relationship with Ripil.

## FACTUAL ALLEGATIONS

12. In the first ever in-person meeting with Farag, after telephone discussions about the possibility of commencing a business venture together, Farag traveled to the state Utah on or about August 28, 2013, to meet with Johnson to discuss the development of what would later become the Ripil application and to meet with developers of the Kindworks platform.
13. Johnson, the sole member of Ripil, conceived of the "Ripil" app name during the month of November of 2013. Also beginning in November of 2013, Ripil engaged attorneys to run U.S. and international trademark searches and provide legal advice to determine if the trademark was available as a brand and trademark for iOS and Android applications as contemplated by Ripil. On December 19, 2013, Ripil purchased the ripil.com, ripil.net and ripil.org domain names from an individual residing in Israel who owned those names.
14. Not later than June 23, 2014, the "Ripil" trademark (as reported in a later-filed trademark application) was first used in commerce in the United States. On August 14, 2014, Ripil filed a U.S. trademark application with the United States Patent and Trademark Office.

On April 21, 2015, Plaintiff obtained United States Patent Trademark Registration No. 4,722,902 from the United States Patent and Trademark Office. (See **Exhibit #1**.)

15. Within the six month deadline for international priority filing under the Madrid Protocol, Ripil filed an international trademark application with the World Intellectual Property Organization based on its U.S. trademark application, designating Australia, China, the European Union, India and Japan.

16. On July 2, 2015, the World Intellectual Property Organization provided notice of registration (dated February 10, 2015) of the "Ripil" trademark in the designated countries of Australia, China, the European Union, India and Japan. (See **Exhibit #2**.)

17. In addition to significant time and efforts expended by Johnson to conceive of and pursue a successful brand strategy for Ripil, over $8,000.00 in legal and government application fees and other costs have been expended on behalf of Ripil to acquire and protect trademark registrations and domain names.

18. Johnson, on behalf of Ripil, paid over $97,000.00 in invoices dated from April 2014 through May of 2015 to True for creating web-based software application designs, software and server code. (See True invoices attached as **Exhibit #3**.) True was engaged for this design and coding work at the suggestion of Farag. On July 30, 2015, Johnson wrote a letter to True, in part requesting "access to the code that I paid for according to the invoices issued by True Partners LLC." (See letter from Ripil and email exchange with True in **Exhibit #4**.) In spite of payment of over $97,000.00, True refused to allow Ripil to have access to the code already paid for until the last two invoices for $6,510.00 in code had also been paid.

19. While Defendants True Partners, Zeiders, and Ridgely were not ultimately cooperative with Ripil and failed to provide the code paid for by Ripil, True Partners, Zeiders, and Ridgely exchanged sufficient written representations, knowledge, and consideration that Ripil had a reasonable expectation that the more than $97,000.00 it paid to them was

more than sufficient to have completely compensated True Partners, Zeiders, and Ridgely for the work that they completed.

20. Mobileaze/Farag were also contracted by Ripil to perform services for the benefit of Ripil. Mobileaze/Farag was paid a total of $33,390.25 with the understanding that Mobileaze/Farag would deliver its work product to Ripil.

21. True and Mobileaze have a history of working together on projects that predates work on the Ripil application. Upon information and belief, Farag/Mobileaze and True at times both worked in the True office space at 579 W. 6th Street, Tempe, AZ 85281; at other times Farag/Mobileaze worked in a separate office in the same complex near the True offices.

22. Throughout further exchanges of letters from Ripil and emails from True, True continued to be uncooperative with Ripil., to include by refusing to assist Ripil to protect Ripil's intellectual property ("IP") rights in the works done by True. (True did at least acquiesce in Ripil's demands that it not "hinder" Ripil's efforts to protect its IP rights).

23. Acting in good faith, Ripil paid the final two (2) invoices from True. True then delivered to Ripl what True represented to be all the work it had done for Ripil and which had paid completely paid for.

24. While Ripil copied Mobileaze and its attorney on its July 30, 2015 letter, upon information and belief, Farag, True and Mobileaze and their respective members continued to work together to prevent Ripil from obtaining the designs and code it had paid for. Specifically, after inspection of the software and coding delivered by True, it appears that True did not deliver many of the Ripil application designs that Ripil had paid for, including designs (previously shown to Johnson many months earlier in the JPEG format, attached as **Exhibit #5**).

25. Further, upon information and belief, Defendants Farag, Zeiders, Ridgely, Mobileaze and True conspired to overcharge Ripil for software and coding, to include by the admissions by all Defendants over $130,000.00 in invoices paid by Ripil which included billed

charges for significant portions of the code provided by Defendants which were not authored or created for the purpose of use in the Ripil application.

26. Without reliable information on all the code produced by True, Ripil is unable to determine the full extent to which software paid for by Ripil is missing from the code delivered by True.

27. However, it is clear that Farag and Mobileaze refused at all times even to share or otherwise provide to Ripil <u>any</u> of the software code paid for by Ripil.

28. In a letter to Farag and Mobileaze's attorney also dated July 30, 2015, Ripil demanded in relevant part to be informed immediately of "when the Ripil code paid for will be provided to Mr. Johnson." Ripil also demanded that Mobileaze ... "confirm that Tony Farag/Mobileaze will not use any of Mr. Johnson's/Ripil LLC's copyrightable and proprietary intellectual property." (See **Exhibit #6**.)

29. The only response to Ripil's demands to Mobileaze on July 30, 2015 was to file a meritless lawsuit in Arizona state court against Ripil. Mobileaze has never provided any of the code paid for in invoices to Ripil; however, Ripil paid invoices totaling $33,390.25 to Mobileaze. (See invoices paid to Mobileaze, attached as **Exhibit #7**.)

30. Despite Defendants' refusals to assist or cooperate with Ripil's efforts to protect its intellectual property, Ripil filed a "Special Handling" [expedited] Copyright Application on September 28, 2015 that issued on September 28 2015 as United States Copyright Registration TX0008091641. (See **Exhibit #8**.) The Copyright Registration constitutes *prima facie* evidence of the validity of Ripil's copyright and the facts stated in the certificate. The Copyright Registration covers all eligible Ripil LLC paid for "Work Made for Hire" portions of Ripil software code, screen displays and designs, including the available copyrightable subject matter created by Johnson and Ripil, as well as the work True created for Ripil, and all other eligible copyrightable work made for hire current included in the Ripil application in the iTunes store and otherwise as being used by Farag and Mobileaze (the "Copyrighted Works.")

31. Ripil acknowledges that Farag and/or Mobileaze have created software code that includes potentially copyrightable subject matter. Ripil makes no claim to this Farag/Mobileaze software code that Ripil did not pay for, but only after and to extent that the Ripil trademarks and copyrightable subject matter are removed from this software code.

32. Upon information and belief, Mobileaze continues to: 1) operate the "RIPIL" application in the iTunes app store and otherwise, despite Ripil's demands to the contrary; 2) encourage True not to cooperate with Ripil, to include by not providing all code paid to Ripil; and 3) by continuing to use over $130,000.00 worth of software code, designs and other copyrighted expression paid for by Ripil, in addition to trademarks, copyrightable expression created by Johnson, for Farag/Mobileaze's own business purposes.

33. Mobileaze and Farag also continue to use the copyrightable content belonging to Ripl/Charley Johnson, as well as the federally registered U.S. trademark and international trademarks owned by and registered to Ripil LLC. (See **Exhibit #9**, the iTunes store icon, displays and information in which Mobileaze misrepresents that the "Ripil" application software, copyrights and trademark to belong entirely to Mobileaze and **Exhibit #10**, the Google Play online store information maintained by Defendants Farag and Mobileaze that makes similar misrepresentations.)

34. Upon information and belief, Defendants Farag, Zeiders, Mobileaze and True continue to work together to: 1) enable Farag and Mobileaze to use software code, trademarks, copyrighted material and other assets paid for and owned by Ripil; and 2) prevent Ripil from obtaining access to all of the software code, copyrightable material and other intellectual property assets owned by Ripil.

## COUNT ONE

## COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS FARAG AND MOBILEAZE

### (17 U.S.C. §§ 101 *et seq.*)

35. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

36. Upon information and belief, Defendants Farag and Mobileaze have infringed and are continuing to infringe Ripil's U.S. Copyright Registration TX0008091641 issued by the U.S. Copyright Office by continuing to operate the Ripil application as shown in Exhibit #9 and #10 without permission or authorization by copyright owner Ripil. Defendants have thus violated and are violating Ripil's exclusive rights under 17 U.S.C. § 106. On information and belief, Defendants have also engaged in contributory and vicarious infringement of Ripil's Copyrighted Works. Ripil is informed and believes, and thereupon alleges, that Defendants' infringements have been deliberate and willful.

37. Upon information and belief, all Defendants have infringed and are continuing to infringe Ripil's U.S. Copyright Registration TX0008091641 issued by the U.S. Copyright Office by continuing to enable and without objection allow and enable Defendants Farag and Mobileaze to operate the Ripil application as shown in Exhibit #9 and #10 without permission or authorization by copyright owner Ripil.

38. Ripil is informed and believes, and thereupon alleges, that all Defendants' acts of infringement are willful, intentional and purposeful, in disregard of Ripil's rights, according to 17 U.S.C. § 101 et. Seq., and otherwise according to law. As a direct and proximate result of Defendants' infringement, Ripil has suffered, and will continue to suffer, actual damages. Ripil is informed and believes, and thereupon alleges, that Defendants have also realized unjust profits, gains and advantages as a proximate result of their infringements. Ripil is entitled to its actual damages and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement.

Alternatively, at Ripil's election, it is entitled to an award of the maximum statutory damages as permitted by the Copyright Act, 17 U.S.C. § 504(b) and (c).

39. Ripil has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, by Defendants' infringements. Defendants will continue to engage in their wrongful conduct and Ripil will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants are enjoined from engaging in any further such acts of infringement. Accordingly, Ripil is entitled to an injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws, 17 U.S.C. § 502

40. Plaintiff further seeks attorney fees and full costs pursuant to 17 U.S.C. § 505 and other appropriate remedies according to law.

## COUNT TWO
## TRADEMARK INFRINGEMENT
## AGAINST DEFENDANTS FARAG AND MOBILEAZE
## (15 U.S.C. §§ 1114 and 1115(a)

41. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

42. Ripil is the true and rightful owner of U.S. Trademark Registration No. 4,722,902 issued by the United States Patent by continuing to operate the Ripil application as shown in Exhibit #9 (the "Mark").

43. The Mark is arbitrary and fanciful and thus inherently distinctive. Additionally, because of Ripil's investment of time, effort and other resources to protect and promote the Mark, the Mark now enjoys valuable goodwill in the United States and other parts of the world. The relevant consuming public has come to recognize products and services bearing the Mark as high quality products and services connected with or offered by Ripil.

44. Defendants have knowledge that the Mark belongs to Ripil. Notwithstanding Ripil's statutory rights in the Mark, Defendants have used and commercially exploited, and

continue to use and commercially exploit, the Mark in connection with the distribution, to include by advertising their business as the sole owner of the Ripil application in the iTunes app store bearing the Mark despite Ripil's demands that Defendants cease these infringing activities.

45. Upon information and belief, Defendants Farag and Mobileaze have infringed and are continuing to infringe the Mark by continuing to operate the Ripil application as shown in Exhibit #9 without permission or authorization by trademark owner Ripil LLC.

46. Defendants' actions in this regard have at all times been without Ripil's authorization or consent. Defendants' acts constitute willful and deliberate direct infringement of Ripil's Mark in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants' acts complained of herein have damaged, and will continue to damage, Ripil irreparably. Ripil has no adequate remedy at law for these wrongs and injuries. The damage to Ripil includes harm to its goodwill and reputation in the marketplace that cannot be sufficiently compensated financially. Ripil is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert therewith or on their behalf, from using the Mark or any colorable imitations thereof, in any manner likely to cause confusion, mistake or to deceive the public as to the origin of Ripil app offered on iTunes.

48. Further, Defendants have willfully used Ripil's Mark in a manner calculated to case consumer confusion in the sale, offering for sale and advertising of its products and services. Accordingly, Ripil is entitled to recover three times its damages sustained as a result of Defendants' unlawful conduct, as well as three times Defendants' profits, the costs of the suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT THREE**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**AGAINST DEFENDANTS RIDGELY, ZEIDERS AND TRUE**

### (15 U.S.C. §§ 101 *et seq.*)

49. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

50. Upon information and belief, Defendants Ridgely, Zeiders and True, individually and collectively, have contributorily infringed and continue to contributorily infringe Ripil's U.S. Copyright Registration TX0008091641 issued by the U.S. Copyright Office.

51. Upon information and belief, Defendants Ridgely, Zeiders and True have enabled and are continuing to enable and without objection have allowed and enabled and without objection are continuing to allow and enable Defendants Farag and Mobileaze to operate the Ripil application as shown in Exhibit #9 without permission or authorization by copyright owner Ripil LLC.

52. Ripil is informed and believes, and thereupon alleges, that Ridgely's, Zieders' and True's acts of infringement are willful, intentional and purposeful, in disregard of Ripil's rights, according to 17 U.S.C. § 101 et. Seq., and otherwise according to law. As a direct and proximate result of Ridgely's, Zieders' and True's infringement, Ripil has suffered, and will continue to suffer, actual damages. Ripil is informed and believes, and thereupon alleges, that Defendants have also realized unjust profits, gains and advantages as a proximate result of their infringements. Ripil is entitled to its actual damages and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement. Alternatively, at Ripil's election, it is entitled to an award of the maximum statutory damages as permitted by the Copyright Act, 17 U.S.C. §504(b) and (c) and 17 U.S.C. § 505.

53. Ripil has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, by Defendants' infringements. Defendants will continue to engage in their wrongful conduct and Ripil will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants are enjoined from engaging in any further such acts of infringement. Accordingly, Ripil is entitled to an

injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws, 17 U.S.C. § 502.

54. Plaintiff further seeks attorney fees and full costs pursuant to 17 U.S.C. § 505 and other appropriate remedies according to law.

## COUNT FOUR
## UNFAIR COMPETION/ FALSE DESIGNATION OF ORIGIN
## AGAINST DEFENDANTS FARAG AND MOBILEAZE
## (15 U.S.C. § 1125(a))

55. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

56. Upon information and belief, Defendants Farag and Mobileaze have engaged and are continuing to engage in unfair competition by directly competing with Ripil while continuing to infringe Ripil's Mark and to operate the Ripil app in violation of 15 U.S.C. § 1125(a).

57. Upon information and belief, Ripil alleges that Farag and Mobileaze have conveyed false and misleading information via printed and online communications as to the origin of the Ripil app. Farag and Mobileaze knew or should have known that the information was false and/or misleading.

58. Upon information and belief Farag and Mobileaze disseminated the false and/or misleading information to potential customers for the purpose of advertising the Mobileaze LLC business.

59. Upon information and belief, the false and/or misleading statements disseminated by Farag and Mobileaze have actuallyl deceived and/or have the tendency to deceive a substantial number of actual and potential users of the Ripil app.

60. As a result of Farag's and Mobileaze's acts of false and misleading descriptions of fact, false and misleading and/or deceptive representations and unfair competition, Ripil has

suffered, currently suffers and will continue to suffer damage and irreparable injury, including to its business, reputation and good will.

61. The false and/or misleading statements and information disseminated by Farag and Mobileaze constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)).

62. Pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117), Ripil is entitled to damages for Farag's and Mobileaze's Lanham Act violations, an accounting for profits made by Farag and Mobileaze on the operation of the Ripil app, as well as recovery of the costs of this action. Furthermore, Ripil is informed and believes and on that basis alleges, that Farag's and Mobileaze's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Ripil to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

63. Farag's and Mobileaze's conduct has caused, and will cause, immediate and irreparable harm to Ripil for which there is no adequate remedy at law. As such, Ripil is entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

64. Plaintiff further seeks all other appropriate remedies according to law.

## COUNT FIVE
### CONVERSION AGAINST ALL DEFENDANTS

65. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

66. All Defendants have refused and are continuing to refuse to deliver to Ripil with all software, code, designs, and/or copyrightable subject matter that Ripil rightfully owns and the Ripil paid for in full with payments totaling over $130,000.00.

67. Defendants Farag and Mobileaze have used and are continuing to use the software, code, designs, and/or copyrightable subject matter that Ripil created and paid for in full with payments totaling over $130,000.00.

68. By failing to deliver to Ripil all software, code, designs and/or copyrightable subject matter that Ripil rightfully owns and that Ripil paid for in full, Defendants have deprived and are continuing to deprive Ripil of the use of, possession of and profits from that software, code, designs and/or copyrightable subject matter.

69. By using and continuing to use the software, code, designs and/or copyrightable subject matter that Ripil created and paid for in full, Defendants have deprived and are continuing to deprive Ripil of the use of, possession of and profits from that software, code, designs and/or copyrightable subject matter.

70. Ripil further seeks all damages, return of sums paid and other appropriate remedies according to Utah law.

## COUNT SIX
## FRAUD AGAINST ALL DEFENDANTS

71. Ripil repeats and realleges each and every allegation above as if fully set forth herein.

72. Defendants Farag and Mobileaze have fraudulently and deceitfully obtained over $33,000.00 in funds from Ripil by representing that they would provide Ripil with all the code and other copyrightable content that Ripil paid for. However, Farag and Mobileaze never provided title or even access to Ripil of all the code and other copyrightable content that Ripil paid for.

73. Therefore, Farag and Mobileaze have fraudulently and deceitfully gained possession and/or control of over $33,000.00 in funds and also they have fraudulently and deceitfully gained possession and/or control of all the code and other copyrightable content that Ripil paid for.

74. Defendants Zeiders, Ridgely and True have fraudulently and deceitfully obtained over $97,000.00 in funds from Ripil by representing that they would provide Ripil with all the code and other copyrightable content that Ripil paid for. However, Zeiders, Ridgely and True never provided title or even access to Ripil of all the code and other copyrightable content that Ripil paid for.

75. Therefore, Zeiders, Ridgely and True have fraudulently and deceitfully gained possession and/or control of over $97,000 in funds and also they have fraudulently and deceitfully gained possession and/or control of all of the software, code, designs, and or copyrightable subject matter that Ripil paid for.

76. Ripil seeks all damages, return of sums paid and other appropriate remedies according to Utah law.

## COUNT SEVEN

### CONSPIRACY TO DEFRAUD AGAINST ALL DEFENDANTS

77. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

78. All Defendants conspired together to extract funds from Plaintiff with an intent to prevent Plaintiff from having full and( as appropriate) exclusive access to the goods and services in exchange for Ripil's total payments of over $130,000.00 to all Defendants.

79. Ripil seeks all damages, return of sums paid and other appropriate remedies according to Utah law.

## COUNT EIGHT

### BREACH OF CONTRACT AGAINST ALL DEFENDANTS

80. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

81. Ripil either in writing or orally agreed with Defendants that Ripil would pay fair market value to Defendants for the development and delivery of code, designs, and/or copyrightable subject matter such that the Ripil app would be fully functioning and operational on both the Android and iOS mobile platforms.

82. There was sufficient and acknowledged consideration supporting the verbal agreement reached by Ripil and all Defendants.

83. Ripil has paid in full all invoices from all Defendants totaling over $130,000.00. However, Defendants have failed to deliver to Ripil all the code, designs, and/or copyrightable subject matter that Ripil paid for.

84. As a direct and proximate result of the stated acts and conduct, Defendants have materially breached their obligations according to the terms of the oral agreement.

85. Ripil has suffered damages as a result of Defendants' breaches as Ripil has expended significant time, effort and resources based on Defendants' representation that they would develop and deliver to Ripil code, designs, and/or copyrightable subject matter such that the Ripil app would be fully functioning and operational on both the Android and iOS mobile platforms.

86. As a direct and proximate result of the Defendants' breach of the written and oral agreements, Defendants are liable for damages to Ripil.

87. Ripil seeks all damages, return of sums paid and other appropriate remedies according to Utah law.

## COUNT NINE
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
### AGAINST ALL DEFENDANTS

88. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

89. Pursuant to the written and oral agreements alleged above, and implied as part thereof, Defendants were bound to conduct themselves consistent with the covenant of good faith

and fair dealing, prohibiting Defendants from doing anything to prevent Ripil from receiving the benefits and entitlements of the written and oral agreements.

90. By benefitting from Ripil's payments totaling over $130,000.00 and failing to deliver to Ripil all the code, designs, and/or copyrightable subject matter Ripil paid for, Defendants have prevented Ripil from receiving the benefits of the written and oral agreements.

91. As a direct and proximate result of the stated acts and conduct, Defendants have breached the implied covenant or good faith and fair dealing owed to Ripil.

92. As a direct and proximate result of the stated acts and conduct, Ripil has suffered damages resulting from Defendants' breach of the implied covenant or good faith and fair dealing owed to Ripil.

93. Ripil seeks all damages, return of sums paid and other appropriate remedies according to Utah law.

## PRAYER FOR RELIEF

WHEREFORE, Ripil prays for and requests that the Court enter judgment for Ripil by:

1. Awarding Ripil all damages that it has sustained or will sustain by reason of Defendants' conduct and all profits that Defendants have derived from such conduct, or in lieu thereof, such statutory damages as provided by law;

2. Declaring the Defendants' conduct improper and unlawful pursuant to common law, the Lanham Act, and the Copyright Act;

3. Granting preliminary and permanent injunctive relief restraining Defendants their subsidiaries, affiliates, officers, employees, agents, and all other persons associated, or in concert with Defendants from directly or indirectly violating Ripil's rights under the Copyright Act, including by further using or operating the Ripil app, the Ripil Mark or otherwise infringing Ripil's exclusive rights in the Copyrighted Work and/or the Ripil Mark;

4. Ordering Defendants to file a written report with this Court, made under oath within 30 days of this Court's judgment, which sets forth in detail the manner that Defendants have fully complied with the permanent injunction pursuant to 15 U.S.C. § 1116;

5. Declaring that (1) Ripil is the exclusive owner of any and all rights in the Copyrighted Work, and Defendants have no rights to distribute, reproduce, display or create derivative works from the Copyrighted Work; (2) Ripil is the exclusive owner of any and all rights in the Ripil Mark and Defendants have no rights to imitate, copy or make unauthorized use of the Ripil Mark; and (3) Ripil has no obligations to Defendants;

6. Ordering Defendants to pay Ripil all profits made as a result of Defendants' wrongful conduct;

7. Awarding Ripil its costs of suit and reasonable attorneys' fees, as well as pre-judgment and post-judgment interest;

8. Awarding exemplary or punitive damages for the willful and intentional acts of Defendants in violation of the rights of Ripil and Defendants' false representations to and deception of the public; and

9. Granting all such further and additional relief, in law or in equity, to which Ripil may be entitled or which the Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of October, 2015.

        LeBaron & Jensen, P.C.

        /s/ Melinda C. Hibbert
        Melinda Checketts Hibbert
        Tyler J. Jensen
        L. Miles LeBaron
        Attorneys for Plaintiff
        Ripil, LLC

## DEMAND FOR JURY TRIAL

Ripil hereby demands a jury trial of all issues in Ripil's claims that are triable to a jury.

RESPECTFULLY SUBMITTED this 5th day of October, 2015.

        LeBaron & Jensen, P.C.

        */Melinda C. Hibbert/*
        Melinda Checketts Hibbert
        Tyler J. Jensen
        L. Miles LeBaron
        Attorneys for Plaintiff
        Ripil, LLC